UNITED STATES of America,
Plaintiff–Appellee,

v.

Quintin STEPHEN, Defendant–Appellant.

No. 13–50442.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2014.*

Filed July 28, 2014.

Jean–Claude Andre, Assistant U.S., Rob Bautista Villeza, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Quintin Stephen, Pecos, TX, pro se.

Before: GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Quintin Stephen appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

district court's determination that a defendant is ineligible for a reduction under section 3582(c)(2), *see United States v. Leniear*, 574 F.3d 668, 672 (9th Cir.2009), and we affirm.

Stephen contends that he is eligible for a sentence reduction under Amendment 750 to the Sentencing Guidelines, and that the district court erred by denying his motion based on the drug quantity calculated in the presentence report rather than the quantity stipulated in his plea agreement. This contention fails. Even using the cocaine base and powder quantities stipulated in Stephen's plea agreement, Amendment 750 did not lower the sentencing range applicable to his offense. Thus, Stephen is not eligible for sentence reduction and the district court did not err by denying his motion. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673.

**AFFIRMED.**

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.